LEVINE v. GEORGE P. IDE & CO.
(No. 5952.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 23, 1918.)

SALES ⚖⇒359(1)—BREACH OF CONDITIONS BY SELLER—SUFFICIENCY OF EVIDENCE.

In action for purchase price of goods tendered back to plaintiff, evidence *held* sufficient to sustain a finding that plaintiff did not agree not to sell goods to another merchant in defendant's city.

Error from Bexar County for Civil Cases; John H. Clark, Judge.

Suit by George P. Ide & Co. against A. Levine. Judgment for plaintiff, and defendant brings error. Affirmed.

Chambers & Watson, of San Antonio, for plaintiff in error. Mason Williams and J. C. Hall, both of San Antonio, for defendant in error.

SWEARINGEN, J. The defendant in error, George P. Ide & Co., brought this suit against plaintiff in error, A. Levine, to recover the balance of $220.94 due for goods sold and delivered to A. Levine, and also sued for $146 paid by George P. Ide & Co. for one-half the expense of a display window

in Levine's store. Without a jury, the court rendered judgment against Levine for the balance prayed for, $220.94, and against the Ide Company on its count for the $146. There is no complaint as to the judgment for the $146. The appeal is from the judgment for $220.94 awarded against plaintiff in error.

The George P. Ide Company pleaded its incorporation, and set out the sale and delivery of itemized goods to Levine at prices agreed upon, and that the balance due was $220.94. In answer Levine claimed that the Ide Company had breached the contract of sale in this, that as the inducing consideration for the contract, the Ide Company agreed to give Levine the exclusive right to handle the Ide collars in San Antonio, Tex., and especially agreed not to sell its goods to a certain designated merchant in San Antonio. The answer further avers that because of this breach of the contract Levine shipped the unsold portion of the goods he had bought, consigned to the Ide Company at Dallas, but that the Ide Company refused to receive them, and they were lost. The answer further set forth that there was a balance due to the Ide Company of $20.05 which was tendered in court.

The evidence consisted of the testimony of W. R. Williams, who represented the Ide Company, and who personally made the sale to Levine, and of the correspondence between plaintiff in error and defendant in error, and of the testimony of A. Levine.

From this testimony we find 'that the goods were sold and delivered to Levine, and that there was a balance of $220.94 due for the goods by Levine. The only conflict in the testimony was about the exclusive right asserted by Levine. Williams in his testimony and in his letters introduced in evidence, denied that the Ide Company had agreed to sell to none but Levine in San Antonio, and denied that he promised not to sell to the designated merchant. Levine testified that such was the agreement. The court determined the issue of fact in favor of the Ide Company. There was sufficient evidence to sustain the court's finding. Upon this finding, the judgment rendered is correct.

The judgment is affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes